**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 17-30495-btf7 |
| GEORGE WILLIAM LOLLEY, JR., ) | |
| and ) | Chapter 7 |
| ANNABELLE I. LOLLEY, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| NORMAN ROUSE, ) | |
| ) | |
| Plaintiff, ) | Adv. No. 18-03008 |
| ) | |
| vs. ) | |
| ) | |
| U.S. BANK, NATIONAL ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
<u>DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Chapter 7 Trustee Norman Rouse is seeking to exercise his strongarm powers under 11 U.S.C. §§ 544(a)(1) and (3) to avoid Defendant U.S. Bank, National Association's future advance deed of trust against the home of Debtors George and Annabelle Lolley because the deed of trust contains a scrivener's error in its face amount. U.S. Bank argues the trustee cannot avoid its lien because the deed of trust correctly describes the home and is recorded properly. Before the court are both parties' motions for summary judgment.

The court has reviewed and considered the parties' filings and arguments and is ready to rule. The court issues this ruling in accordance with Rule 56 of the Federal

Rules of Civil Procedure, which applies to this matter under Rule 7056 of the Federal Rules of Bankruptcy Procedure.

For the following reasons, the court concludes the deed of trust is valid and not avoidable by the trustee. Consequently, the court GRANTS U.S. Bank's motion for summary judgment and DENIES the trustee's motion for summary judgment.

## JURISDICTION & BURDEN OF PROOF

The court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and 157(a) and (b). This matter is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(K) and is constitutionally core. The court, therefore, has authority to hear this matter and make a final determination. No party has contested the court's jurisdiction or its authority to make final determinations.

The trustee bears the burden of proving the imperfection or invalidity of U.S. Bank's lien. *Citizens State Bank of Nev., Mo. v. Davison (In re Davison)*, 738 F.2d 931, 936 (8th Cir. 1984) (citation omitted).

## SUMMARY JUDGMENT STANDARD

Rule 56(a) provides, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the court has cross-motions for summary judgment before it, the court should review each motion "in its own right, with each side 'entitled to the benefit of all inferences favorable to [it] which might reasonably be drawn from the record.'" *Visual Dynamics, LLC v.*

*Chaos Software Ltd.*, 309 F. Supp. 3d 609, 616 (W.D. Ark. 2018) (quoting *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983)).

On each motion, the movant bears the burden of showing that there is no genuine dispute of any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant meets its burden, the nonmovant must set forth specific facts showing a genuine dispute of material fact for trial. *Dico, Inc. v. Amoco Oil Co.*, 340 F.3d 525, 529 (8th Cir. 2003) (citation omitted). The nonmovant's burden is not high—it only needs to bring forward some evidence that might lead the trier of fact to return a judgment in its favor should the case go to trial. *Anderson*, 477 U.S at 256–57. However, the nonmovant cannot prevail by merely relying on its pleadings and must present more than a scintilla of evidence to establish a genuine issue for trial. *See Dico*, 340 F.3d at 529.

When considering each motion for summary judgment, the court must view the facts in the light most favorable to the nonmovant and draw all reasonable inferences from the nonmovant's evidence in favor of the nonmovant. *Anderson*, 477 U.S. at 255 (citation omitted); *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 891 (8th Cir. 2015) (citation omitted). The court may not weigh evidence, make credibility determinations, or attempt to determine the truth of any factual dispute; rather, the court may only determine whether there is a genuine dispute of any material fact for trial. *Williams v. Marlar (In re Marlar)*, 252 B.R. 743, 750 (B.A.P. 8th Cir. 2000) (citation omitted).

**UNCONTROVERTED FACTS**

The parties do not dispute the material facts in this matter, which are simple. Mr. Lolley borrowed $110,000 from U.S. Bank in 2013 to pay a prior mortgage loan, two credit card balances, and medical expenses. Mr. and Mrs. Lolley granted U.S. Bank a lien against their home to secure the repayment of the loan. For reasons unknown and unexplained, though the loan was a single-advance loan, U.S. Bank used a form deed of trust titled "Deed of Trust (With Future Advance Clause)." U.S. Bank's future advance deed of trust explicitly states it "is governed by Mo. Rev. Stat. § 443.055 and the laws of the jurisdiction under which the Lender is located, except to the extent otherwise required by the laws of the jurisdiction where [the home] is located (*i.e.,* Missouri)."

The deed of trust was recorded properly with the Vernon County, Missouri Recorder of Deeds in 2013 and accurately describes the real estate in question. But through a scrivener's error, instead of stating that it secures the repayment of $110,000, the deed of trust states that it secures a total principal amount not to exceed approximately $20.1 trillion. The precise amount of the maximum principal obligation set forth in the deed of trust is $20,131,301,052,430.00 (the "face amount").

The parties agree that the face amount corresponds to the loan reference number that U.S. Bank used for this loan—20131301052430. U.S. Bank hired a third party, Southwest Financial Services, Ltd., to prepare the loan documents. The theory is that Southwest erroneously entered the loan reference number as the principal amount of the loan and that the software system converted that loan reference

4

number to a dollars and cents figure preceded by a U.S. dollar sign followed by a decimal point and two zeros. The Lolleys did not notice this mistake when they initialed and signed the deed of trust.

The trustee admits that the deed of trust accurately describes the real estate, that U.S. Bank validly recorded its deed of trust, and that the deed of trust is in the home's chain of title. U.S. Bank did not advance additional funds to Mr. Lolley beyond the original $110,000 it initially loaned him.

Several years later, the Lolleys filed their voluntary Chapter 7 bankruptcy petition, and Mr. Lolley reaffirmed the note he executed with U.S. Bank. The Lolleys then received a discharge.

The trustee filed this adversary proceeding to avoid U.S. Bank's deed of trust. In response, U.S. Bank filed an answer and a "Motion for Judgment on the Pleadings," which the court treated as a motion for summary judgment pursuant to Rule 12(d) because it raised matters outside the pleadings. The trustee filed a motion for summary judgment, to which U.S. Bank filed a response. The Lolleys also intervened in this adversary proceeding, and their counsel participated in the court's hearing on the cross-motions for summary judgment.

## DISCUSSION

The trustee argues he may exercise his strongarm powers under 11 U.S.C. § 544(a) to avoid U.S. Bank's lien because the deed of trust does not comply with all the requirements of Mo. Rev. Stat. § 443.055.2. Specifically, the trustee contends that the deed of trust does not list the correct face amount because it states Mr.

5

Lolley's loan reference number and, therefore, cannot qualify as a "security instrument" under the statute and is invalid. In response, U.S. Bank argues the face amount listed in the deed of trust is sufficient under § 443.055.2. Alternatively, U.S. Bank contends the trustee cannot exercise his strongarm powers because the deed of trust is otherwise valid and perfected under other Missouri law, and the trustee has constructive notice of its lien under Missouri law.

The Bankruptcy Code provides the trustee with strongarm powers to avoid unperfected liens and security interests. Section 544(a) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a).

While the trustee's complaint alleges he may avoid U.S. Bank's lien under §§ 544(a)(1), (2), and (3), he only cites authority supporting his ability to exercise his

strongarm powers under §§ 544(a)(1) and (3), not § 544(a)(2).  Therefore, the court analyzes the trustee's strongarm powers under §§ 544(a)(1) and (3).

For the reasons described below, the court declines to address whether the deed of trust complies with Mo. Rev. Stat. § 443.055 because it determines the deed of trust is otherwise valid and enforceable under Missouri law, and the trustee has constructive notice of U.S. Bank's lien.  Therefore, the trustee cannot exercise his strongarm powers under §§ 544(a)(1) or (3).

### A.    Validity of the Deed of Trust

In Missouri, a lender with a deed of trust securing its claim perfects its lien by recording its deed of trust with the recorder of deeds in the county where the property is located.  Mo. Rev. Stat. § 442.380.  If the deed of trust contains a valid legal description of the encumbered property, identifies the obligation it is intended to secure, and is recorded properly, the lender's lien generally will be perfected at the time of recording and that perfection determines the lender's "place in line" vis-à-vis others with an interest in the property.  *See* § 442.390; *In re Duncan*, 116 B.R. 146, 148 (Bankr. W.D. Mo. 1990).

A lender with a future advance deed of trust may avail itself of additional protections by complying with Mo. Rev. Stat. § 443.055.  Those additional protections include priority status relating back to the recording date for future advances and elimination of the distinction of optional versus obligatory future advances for priority purposes that Missouri law otherwise imposes.  §§ 443.055.2, 443.055.5. Additionally, if a future advance deed of trust purports to be governed by § 443.055 but fails to comply with its requirements, the statute contains a "savings clause" that

7

provides the deed of trust "shall be governed as otherwise provided by the laws of [Missouri] without reference to this section." § 443.055.10; *Bank of Urbana v. Wright*, 880 S.W.2d 921, 924 (Mo. Ct. App. 1994) (describing the early evolution of § 443.055 and concluding other Missouri law governs a deed of trust that does not comply with § 443.055). Therefore, most lenders holding a future advance deed of trust likely view compliance with § 443.055 as advantageous if they want to preserve their priority date for any additional funds they may lend after initially recording the deed of trust.

The court begins with the premise that "Missouri courts are reluctant to invalidate a deed of trust simply because of a scrivener's error." *Gresham v. America's Servicing Co. (In re Gresham)*, 373 B.R. 914, 921 (Bankr. W.D. Mo. 2007). In determining whether the trustee may use his strongarm powers to avoid U.S. Bank's lien, the court declines to consider whether the deed of trust complies with § 443.055 for two reasons. First, U.S. Bank never intended to, and did not, make any future advances to Mr. Lolley; so, the additional protections of § 443.055 are irrelevant to this dispute. Second, and more importantly, even if the deed of trust fails to comply with all the requirements of § 443.055, the statute's savings clause permits a purported future advance deed of trust to still be valid apart from the statute, and the court determines the deed of trust is otherwise valid under Missouri law to secure the single advance U.S. Bank made to Mr. Lolley.

The parties concede that the deed of trust was executed and recorded properly and correctly describes the home. The only issue regarding the deed of trust's validity is the face amount. Additionally, no party has cited any Missouri law that requires

8

a deed of trust to state the current outstanding amount secured by the deed of trust. In fact, while Missouri law requires a deed of trust to identify the obligation it is intended to secure, literal exactness is not required when describing the underlying obligation. *In re Duncan*, 116 B.R. at 148. And a deed of trust may be valid even though the secured amount is omitted. *Williams v. Moniteau Nat'l Bank*, 72 Mo. 292, 294–96 (1880).

Here, the deed of trust references Mr. Lolley's promissory note to U.S. Bank, providing both the date the note was executed and the maturity date. While the face amount is incorrect, the deed of trust is still otherwise valid under Missouri law because it identifies the obligation the deed of trust secures. Additionally, under *Williams*, the deed of trust would still be valid and unavoidable even if the face amount were omitted. Common sense further suggests that the dollar amount set forth as the secured amount, while accurate when the deed of trust is executed and recorded, likely will not be the precise amount outstanding and secured by the deed of trust at any given time after recording. Therefore, the court determines the deed of trust is valid under Missouri law apart from § 443.055, and the trustee may not exercise his strongarm powers to avoid U.S. Bank's lien.

### B. Trustee's Constructive Notice of U.S. Bank's Deed of Trust Under Missouri Law

The trustee's constructive notice of U.S. Bank's lien further prevents the trustee from exercising his strongarm powers under §§ 544(a)(1) or (3). While a trustee may exercise his strongarm powers under §§ 544(a)(1) and (3) as a hypothetical judicial lien creditor or bona fide purchaser of real property to avoid an

9

unperfected lien, the trustee may not use these strongarm powers if the trustee has constructive notice of the deed of trust. *United States v. Farrell (In re Fluge)*, 57 B.R. 451, 456 (Bankr. D.N.D. 1985) (addressing § 544(a)(1)); *Strauss v. Ameriquest Mortg., Co. (In re Clement)*, 2007 WL 1289892, at *3 (Bankr. W.D. Mo. Apr. 27, 2007) (addressing § 544(a)(3)).

Any "constructive notice imposed by state law will destroy the trustee's avoiding powers under section 544(a)(1)." *In re Fluge*, 57 B.R. at 456. Similarly, under § 544(a)(3), "a trustee is still bound by the state law regarding recordation and constructive notice, as well as other state law limitations upon bona fide third party purchaser status"; a trustee's actual knowledge is irrelevant. *In re Gresham*, 373 B.R. at 921 (citation omitted). Therefore, the court must determine whether the trustee had constructive notice of U.S. Bank's lien under Missouri law.

Missouri law recognizes two types of constructive notice: (1) record notice and (2) inquiry notice. Because the court determines the trustee had record notice, it does not consider whether the trustee had inquiry notice.

Record notice emanates from case law and statute. In Missouri, "a purchaser is charged with constructive notice of everything in prior recorded deeds, which go to make up the chain of title under which he holds." *Iowa-Mo. Realty Co., Inc. v. U.S. Small Bus. Admin. (In re Iowa–Mo. Realty Co., Inc.)*, 86 B.R. 617, 620 (Bankr. W.D. Mo. 1988) (citing *Black v. Banks*, 37 S.W.2d 594, 598 (Mo. 1931)). Section 442.390 also provides:

> Every such instrument in writing, certified and recorded in the manner herein prescribed, shall, from time of filing the same with the recorder

10

>
> for record, impart notice to all persons of the contents thereof and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice.

Mo. Rev. Stat. § 442.390.

Here, the trustee cannot avoid U.S. Bank's lien because he has record notice of the deed of trust. The trustee concedes the deed of trust was properly recorded and was part of the chain of title for the home. Therefore, the trustee had record notice and is charged with constructive notice of U.S. Bank's lien, preventing him from exercising his strongarm powers under 11 U.S.C. §§ 544(a)(1) and (a)(3).

Moreover, a scrivener's error in a deed of trust relating to the amount of debt secured does not negate a trustee's constructive notice. In *Tobin v. Kampe*, the Eighth Circuit held that a trustee could not avoid a mortgage that incorrectly described the amount owed. 132 F.2d 64, 65–66 (8th Cir. 1942). "[I]n the absence of fraud, if a misdescription of the indebtedness secured has caused no actual prejudice, the validity of the instrument as against those having notice, or being charged with notice, will not be affected by the fact that the indebtedness was not correctly described." *Id.* For example, in *In re Duncan*, a trustee could not exercise his strongarm powers because he had constructive notice of a deed of trust even though the deed of trust did not include the amount of the debt, and only described the date the note was executed, making general reference to the promissory note as the proper source for information about the debt. 116 B.R. 146, 148–49 (Bankr. W.D. Mo. 1990) (citing *Williams v. Moniteau Nat'l Bank*, 72 Mo. 292, 295 (1880); *Aull v. Lee*, 61 Mo. 160, 165–66 (1875)).

11

Here, the incorrect face amount in the deed of trust does not allow the trustee to exercise his strongarm powers. Under *Tobin*, the misdescription of the amount of the indebtedness did not cause the trustee any actual prejudice, and the trustee did not establish the presence of fraud. Similarly, as in *Duncan*, the deed of trust is not avoidable because it generally identifies the promissory note from Mr. Lolley to U.S. Bank, stating the date it was executed and its maturity date. Therefore, because the trustee had constructive notice of U.S. Bank's interest, he cannot exercise his strongarm powers under §§ 544(a)(1) or (3) as a hypothetical judgment lien creditor or a bona fide purchaser of real property to avoid U.S. Bank's lien.

## CONCLUSION

For the reasons above, the court determines that there is no genuine dispute of material fact and that U.S. Bank is entitled to judgment as a matter of law. The court, therefore, GRANTS U.S. Bank's motion for summary judgment and DENIES the trustee's motion for summary judgment. The court will issue a separate judgment on the docket consistent with this order.

Dated: 8/16/2019                    /s/ Brian T. Fenimore
                                    UNITED STATES BANKRUPTCY JUDGE